IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN CREWL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:10-cv-00567 |
| v | ) |
| | ) |
| PORT AUTHORITY OF ALLEGHENY | ) |
| COUNTY, WILLIAM STEINMETZ, an | ) |
| individual, and ERIC WELLS, an individual, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER OF COURT

Pending before the Court is DEFENDANTS' PARTIAL MOTION TO DISMISS (Doc. No. 12), filed with brief in support (Doc. No. 13), and PLAINTIFF'S RESPONSE TO DEFENDANT'S PARTIAL MOTION TO DISMISS (Doc. No. 15), with brief in opposition (Doc. No. 16). Plaintiff subsequently filed an amended complaint on August 30, 2010 (Doc. No. 17), in response to which, DEFENDANTS' MOTION TO DISMISS COUNT II OF THE AMENDED COMPLAINT (Doc. No. 22), with brief in support (Doc. No. 23) were filed. Plaintiff responded in opposition to the motion to dismiss Count II (Doc. No. 25) with a brief in opposition (Doc. No. 26). The motions are now ripe for disposition.

Plaintiff's two count amended complaint is filed pursuant to the Family Medical Leave Act of 2003, 29 U.S.C. § 2601, *et seq.*, (hereinafter "FMLA") for the allegedly wrongful termination of her employment by Defendant Port Authority of Allegheny County ("Port Authority"). Plaintiff also alleges a state law claim for the intentional infliction of emotional distress against the two individually named Defendants. It is this latter claim that Defendants move to dismiss.

Procedural Background

The Court begins with Defendants' partial motion to dismiss the original complaint filed on August 9, 2010 (Doc. No. 12). Plaintiff's original complaint contained five counts, which alleged two violations of Title VII, a violation of the FMLA, and two counts of intentional infliction of emotional distress. Doc. No. 1. With their original motion, Defendants moved to dismiss counts I and II (the Title VII counts) as untimely.[1] Further, Defendants moved to dismiss counts IV and V (the intentional infliction of emotional distress counts), contending that the counts should be dismissed for a host of reasons, including statutory immunity under the Pennsylvania's Political Subdivision Tort Claims Act, 42 Pa.Cons.Stat. §§ 8541-8564 ("Tort Claims Act"), the exclusivity provisions of the Pennsylvania workers' compensation act, the claims were barred as being beyond the two year limitations period, and a failure to sufficiently allege a claim upon which relief can be granted.

In her response in opposition to Defendant's partial motion to dismiss, Plaintiff acknowledged a number of the defects referenced by Defendants in her original complaint, particularly that counts I and II (the two Title VII counts) were untimely, and that count V (the intentional infliction of emotional distress count against the Defendant Port Authority) was barred under the Pennsylvania Tort Claims Act. *See* Doc. No. 15 at ¶¶ 1, 2, and 4. Plaintiff's amended complaint, filed on the same day and after her response in opposition, reduced the number of claims from five to two, and re-pled that which was previously count III (violation of

---

1  In cases where a party filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and where the EEOC does not itself file suit or obtain a conciliation agreement, "the [EEOC] or [DOJ] in a case involving a government, governmental agency, or political subdivision, shall so notify the person aggrieved and within 90 days after giving such notice a civil action may be brought against respondent named in the charge … by the person claiming to be aggrieved…" 42 U.S.C. § 2000e-5(f)(1). Defendants moved for dismissal of the two Title VII counts on the basis that Plaintiff failed to commence her civil action within 90 days

the FMLA), and count IV (intentional infliction of emotional distress claim directed against Defendants Steinmetz and Wells) as counts I and II of the amended complaint, respectively. *See* Doc. No. 18.

1. <u>Defendants' Partial Motion to Dismiss</u>

The Court first addresses Defendants' partial motion to dismiss the original complaint. An amended complaint supersedes the original complaint. *See Snyder v. Pascack Valley Hosp.*, 303 F.3d 271, 276 (3d Cir.2002); see also 6 Charles A. Wright et al., Federal Practice and Procedure § 1476, at 556 (2d ed.1990). Given the fact that Plaintiff conceded the grounds for dismissal as to three of the original five counts, coupled with the subsequent filing of her amended complaint, to which Defendants' have moved for dismissal of count II, the basis for the partial motion to dismiss the original complaint has become moot and will be dismissed.

2. <u>Defendants' Motion to Dismiss Count II of the Amended Complaint</u>

Defendants now contend that count II of the amended complaint should be dismissed because Plaintiff has failed to allege sufficient facts to entitle her to relief. Doc. Nos. 22 & 23. Plaintiff responds in opposition averring that, as pled, the individual Defendants' conduct was outrageous enough in nature to adequately assert a claim for the intentional infliction of emotional distress. Doc. No. 26.

Although neither party has questioned the Court's supplemental jurisdiction over Plaintiff's state law tort claim, the Court *sua sponte* must address whether it has jurisdiction over Count II and Defendants Steinmetz and Wells. *See, Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Count II is a state law tort claim

---

of receiving notice of her right to sue. *See* Doc. Nos. 12 and 13.

against two separate co-worker defendants in their individual capacities. In the amended complaint, Plaintiff invokes the jurisdiction of this Court exclusively upon the original jurisdiction to consider the FMLA claim. *See* Doc. No. 17 at ¶ 2.

In 28 U.S.C. § 1367, Congress authorized district courts to exercise jurisdiction supplemental to their federal question jurisdiction:

> [I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

28 U.S.C. § 1367(a). Supplemental jurisdiction over a pendent state claim is available under § 1367(a) only if three requirements are met. *Lyon v. Whisman*, 45 F.3d 758, 760 (3d Cir.1995).[2] First, there must be a federal claim that has "substance sufficient to confer subject matter jurisdiction on the court." *Id.* (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 725, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966)). Second, under what is called the "nexus requirement," the federal claims and the pendent state claims must "derive from a common nucleus of operative facts." *Lyon*, 45 F.3d at 760. Third, leaving the federal or state character of the claims aside, the nature of the claims must be such that the party would "ordinarily be expected to try them all in one judicial proceeding." *Id.* Subject matter jurisdiction over the non-diversity state-law claim exists only when each of these three requirements are satisfied.

Whether claims derive from a "common nucleus of operative facts" is a fact-intensive inquiry. By way of example, in *Lyon*, the Third Circuit held that no nexus existed between a Fair Labor Standards Act claim involving a failure to pay overtime wages and common law contract

---

2   Section 1367 codified the judicially created concepts of "pendent" and "ancillary" jurisdiction together under the single umbrella of "supplemental jurisdiction." *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 307 (3d Cir.2003); *In re Prudential Ins. Co. Am. Sales Practice Litig. Agent Actions*, 148 F.3d 283, 300-03 (3d Cir.1998).

and tort claims involving the underpayment of a bonus. 45 F.3d at 763. In that particular circumstance, the Third Circuit stated that because there was "so little overlap between the evidence relevant to [the] claims ... it would be charitable to characterize the relationship of the federal and state claims as involving even a 'loose' nexus." *Id.*

The *Lyon* court guided that a district court should look to whether the same facts are necessary to prove both the federal and state claims; in other words, whether the federal and state claims are "merely alternative theories of recovery based on the same acts." *Id.* at 761 (citing *Lentino v. Fringe Employee Plans, Inc.*, 611 F.2d 474, 494 (3d Cir.1979)). For example, state assault claims in federal civil rights suits which allege police abuses are a common area in which supplemental jurisdiction exists. *Id.* Accordingly, a review of the respective factual averments is appropriate.

Generally speaking, there are three elements that must be proven by Plaintiff in order to establish a *prima facie* case of retaliation for the exercise of her rights under the FMLA[3], 1) that she took FMLA leave, 2) that she suffered an adverse employment decision, and 3) that the adverse employment decision was causally related to her leave. *See Conoshenti v. Public Service Elec. & Gas Co.*, 364 F.3d 135, 146 (3d Cir. 2004). The following facts are taken from Plaintiff's amended complaint. Beginning on or about April 15, 2008, Plaintiff first requested leave under the FMLA due to a variety of medical conditions, including depression, panic attacks, anxiety, and migraine headaches. *See* Doc. No. 17 at ¶¶ 16 – 18. On that day and

---

3   It bears noting that "[t]he circuits have taken divergent paths in analyzing claims that an employee has been discharged in retaliation for having taken an FMLA leave," with some circuits finding that such claims arise under § 2615(a)(2) and others holding that §§ 2615(a)(1), 2615(a)(2), and 29 C.F.R. § 825.220(c) all give rise to retaliation claims. *Conoshenti*, 364 F.3d at 147 n. 9 (emphasis added). The position of the Third Circuit is in accord with that of the Ninth Circuit, which "predicated liability in such situations on § 825.220(c)." *Id.; accord. Colburn v. Parker Hannifin/Nichols Portland Div.*, 429 F.3d 325, 331 (1st Cir.2005)(citing *Conoshenti* ).

continuing until June 23, 2008, Plaintiff worked a half-day work schedule, though she was absent from work on numerous occasions during this time period due to her conditions. *Id*. at ¶ 21. June 23, 2008 was the final day Plaintiff actually worked for Defendant Port Authority. *Id*. at ¶ 18. On or about October 17, 2008, Plaintiff was informed that her employment with the Port Authority was terminated "due to inappropriate use of Family Medical Leave specifically, on the July 3 and July 4 dates, but also other considerations." *Id.* at ¶ 30.

During the operative time period, Plaintiff contends that she was waiting to receive approval for placement into a sedentary position. Plaintiff alleges that at different (unspecified) times she was in contact with two other Port Authority employees, Nick Ivkovich and Monica Simpson, with respect to her medical condition. *Id.* at ¶¶ 26 & 29. According to Plaintiff, these employees provided her with some degree of assurance that she would be able to use family medical leave over July 3 and 4, 2008. It is for this reason that Plaintiff alleges Defendant Port Authority violated her rights under the FMLA when it terminated her employment. The Court notes that Defendants Steinmetz and Wells are not referenced, either specifically or by implication, in any manner in Count I of the amended complaint. These two Defendants were apparently not Plaintiff's supervisors or decision-makers in her termination.

Defendants Steinmetz and Wells are, however, specified in the intentional infliction of emotional distress claim of Count II. Regarding the elements of that claim, Pennsylvania has adopted the definition of the Restatement (Second) of Torts § 46(1) (1965), which states that "One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm." The gravamen of the tort of intentional infliction of

emotional distress is outrageous conduct on the part of the tortfeasor. *Abadie v. Riddle Memorial Hosp.*, 404 Pa.Super. 8, 589 A.2d 1143, 1145-46 (1991).

Plaintiff alleges that on March 22, 2006, she filed a charge of discrimination with the Pennsylvania Human Relations Commission and the Equal Employment Opportunity Commission regarding "complaints concerning harassment and sexual and lewd rumors and graffiti." *Id.* at ¶ 42. While not specifically described in the amended complaint, Defendants Steinmetz and Wells were apparently implicated in that 2006 charge of discrimination, as "[s]ubsequent to this filing, Plaintiff continued to be harassed by Defendants Wells and Steinmetz, who engaged in intentional conduct both on and outside the premises of the Port Authority." *Id.* at ¶ 43. More particularly, in 2006 and again in August of 2009 (some nine months following the termination of Plaintiff's employment), Defendant Wells allegedly appeared at Plaintiff's then place of employment "to taunt and intimidate Plaintiff and cause Plaintiff emotional and mental distress." *Id.* at ¶¶ 44 & 46. Plaintiff further alleges that throughout 2008, both Defendants Steinmetz and Wells "engaged in defamatory statements to other employees of Port Authority regarding Plaintiff's veracity, Plaintiff's ongoing legal issues with Port Authority, Plaintiff's physical and mental health and Plaintiff's sexual activities." *Id.* at ¶ 45. Plaintiff believes, and therefore avers, that Defendants Steinmetz and Wells were acting in concert with one another, *id.* at ¶ 47, and were motivated by personal animus toward her, *id.* at ¶ 50.

To summarize, count I purports to allege a cause of action under federal law (FMLA) against Plaintiff's former employer, while count II purports to allege an unrelated state law tort cause of action against two of Plaintiff's co-workers. There is simply no overlap between the

7

facts necessary to prove both the federal FMLA claim and the state law tort claim.  Count II is not an alternative theory of recovery for the same operative acts.  The parties alleged in the respective counts are separate and distinct.  The theories of recovery invoked by Plaintiff are different and distinct.  The underlying facts needed to support the respective theories of recovery are completely different, and further, they do not derive from the same set of operative facts.  Finally, by their nature, the respective claims are not such that one would ordinarily expect to try them both in one judicial proceeding.  As the Third Circuit noted in *Lyon*, it takes more than actionable yet diverse conduct occurring within a single employment setting to extend supplemental jurisdiction over state law claims.  *Lyon*, 45 F.3d at 763 (referencing with approval *Nicol v. Imagematrix, Inc.* 767 F.Supp. 744 (ED Va., 1991))(in declining to entertain state contract and fraud claims in a sexual discrimination suit, the district court pointedly noted that the sole common fact between the state and federal claims was the employment relationship); *see also id.*, (referencing with approval *Benton v. Kroger Co.*, 635 F.Supp. 56, 59 (SD Tex., 1986)(the district court refused to consider a state law retaliation claim, finding that "[a]lleged incidents of sexual harassment or gender bias were entirely separate from the circumstances surrounding plaintiff's back injury. These separate events can hardly be grouped as the 'common nucleus of operative facts....'")

     For these reasons, Count II of Plaintiff's amended complaint will be dismissed for lack of jurisdiction.  Therefore, the Court need not reach the merits of DEFENDANTS' MOTION TO DISMISS COUNT II OF THE AMENDED COMPLAINT.  An appropriate order follows.

                                              McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAWN CREWL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) 2:10-cv-00567 |
| v | ) |
| | ) |
| PORT AUTHORITY OF ALLEGHENY COUNTY, WILLIAM STEINMETZ, an individual, and ERIC WELLS, an individual, | ) ) ) ) |
| | ) |
| Defendants. | ) |

## ORDER OF COURT

AND NOW, this 20th day of October, 2010, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that DEFENDANTS' PARTIAL MOTION TO DISMISS (Doc. No. 12) is **DISMISSED AS MOOT.**

It is **FURTHER ORDERED** that, for the reasons hereinabove stated, Count II of the Amended Complaint is **DISMISSED** for lack of jurisdiction. Accordingly, DEFENDANTS' MOTION TO DISMISS COUNT II OF THE AMENDED COMPLAINT (Doc. No. 22) is **DISMISSED AS MOOT**.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc: Joseph V. Luvara, Esquire
Email: joeluvara@joeluvaralaw.com

Miranda E. Nickles, Esquire
mnickles@eckertseamans.com